LEROY FLAMMER, BY OTTO FLAMMER, HIS NEXT FRIEND, AND SAID OTTO FLAMMER, INDIVIDUALLY, RESPOND-ENTS, v. JOHN MORELLI, APPELLANT.

Submitted June 9, 1924—Decided October 20, 1924.

1. Plaintiff, an infant eight years and seven months old, was in-jured by falling off defendant's motor truck. The trial court instructed the jury that he was a mere licensee, but that they might find the existence of willful and wanton injury if the fall was occasioned by defendant's helper tickling the boy and de-fendant failing to stop it. *Held,* error.
2. Whether there was evidence for the jury that plaintiff was on the truck by invitation, held irrelevant to the present appeal, as the judgment cannot be sustained on any theory excluded by the trial court, and which the jury had no opportunity to con-sider.

---

On appeal from the Union Circuit Court.

For the appellant, *Sidney W. Eldridge.*

For the respondents, *Thomas H. Brown.*

The opinion of the court was delivered by

PARKER, J.    The infant plaintiff, at the time eight years and seven months old, while riding on the runboard of de-fendant's auto truck, which was engaged in transporting ice,

fell off and sustained injury. He sued by his father as next friend (the latter also joining his claim for damages *per quod,* &c.), and had a verdict and judgment in the trial court. The complaint counted upon an "invitation" to ride on the truck and alleged negligence of defendant. No objection was made to it as insufficient in law (see *Kennedy* v. *North Jersey Street Railway Co., 72 N. J. L.* 19; *Hess* v. *Public Service Railway Co.,* 84 *Id.* 329), and at the trial the plaintiff undertook to show the existence of invitation, express or implied. The trial judge, however, held that there was no evidence of invitation to go to the jury, but that plaintiff was merely a licensee, and that defendant could not be held in damages unless the jury should find that there was willful or wanton injury upon his part. He then went on to say that (in effect) they would be entitled to find there was willful and wanton injury in a legal sense, if they believed the boy's story that while he was on the runboard, the defendant's helper was tickling him, and that, in avoiding that tickling, he stepped on a piece of ice, slipped and fell; and left it to them to say "whether there was such a situation, and such a set of circumstances and conditions here, as made a duty manifest to the driver and controller of this car, that if he permitted this tickling while this boy was upon this running-board, that the failure to stop that tickling, while that boy was in that condition and in that position, would have, as its natural result, the certainty or strong probability of that boy falling off that car, then his omission to perform such a manifest duty, if it so appears to you a manifest duty, was willful injury to the boy."

This, we think, was error. In the first place, there seems to be nothing in the act of tickling, ordinarily a harmless act of teasing, to connote willful or wanton injury. The contrary has been held in cases stronger than that at bar. *Tier* v. *Miller,* 80 *N. J. L.* 691; *Hoeberg* v. *Collins, Lavery & Co., Id.* 425; *Powell* v. *Erie Railroad Co.,* 70 *Id.* 290. In the second place, the tickling, if it occurred, was something entirely outside of the scope of the helper's employment (*Evers* v. *Krouse,* 70 *Id.* 653); and hence the master could not be

held on the theory of *respondeat superior*. The trial judge did not undertake to rest on any such theory, but seemed to think that if the master became aware that tickling was going on it might be his duty to stop it, and that a failure to do so could be construed as an act of willful or wanton injury. We are quite unable to regard it as any more than a failure to exercise reasonable care when such a duty exists. But the judge specifically charged that the duty did not exist. This was the law of the case; and inasmuch as there was nothing to support any theory of willful or wanton injury to a mere licensee, even of tender years (*Faggioni* v. *Weiss*, 99 *Id.* 157), it was error to let the jury take the case on any such theory.

The case is submitted on briefs, and the argument in respondent's brief is based wholly on the fundamental proposition that the infant plaintiff was invited to ride on the truck, and, consequently, that a duty of care was raised. But this theory of the case is not before us; it was excluded by the trial judge; and the rule is settled that a verdict erroneous on the theory adopted in the trial court cannot be sustained on a theory excluded in that court, and which the jury had no opportunity to consider. *Barnes* v. *Wallington & Co.*, 78 *N. J. L.* 490; *Goodyear, &c., Co.* v. *Kruvant*, 96 *Id.* 352, 355.

The judgment will be reversed, to the end that a *venire de novo* be awarded.

*For affirmance*—THE CHANCELLOR, KALISCH, BLACK, JJ. 3.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 13.