WALTER S. OLESIEWICZ, BY NEXT FRIEND, ET AL., RESPONDENTS, v. CITY OF CAMDEN, APPELLANT.

Argued May 28, 1924—Decided October 20, 1924.

1. A municipal corporation, charged with the performance of a public duty, is not liable to an individual for neglect to perform, or negligence in the performance of such duty, whereby a public wrong has been done for which an indictment will lie, although such individual has suffered special damage thereby, but if the wrong-doing of the municipality only creates a private nuisance for which no indictment will lie, one suffering special damage may have an action therefor.

2. When a municipal corporation embarks upon a private enterprise, presumably for profit, or if not, at least for the sake of economy, in having work done cheaper and better than by letting it out by contract to a successful lowest competitive bidder, such municipal body is answerable in damages for the action of its servants engaged in such work causing injury to an individual.

3. It is not essential in invoking the rule of *respondeat superior* against a municipal body, engaged in doing work for a private individual, that it is being done at a profit; it is sufficient if it derives some special advantage or benefit from the work being done.

On appeal from the Supreme Court.

For the appellant, *Howard L. Miller*.

For the respondents, *Albert S. Woodruff*.

The opinion of the court was delivered by

KALISCH, J. The appellant seeks to reverse a judgment entered against it on the verdict of a jury, in the court below,

in an action brought against it to recover damages for injuries sustained by the minor plaintiff (and also by his father who joined in the action), through the negligence of its servants, under these circumstances. The city of Camden owned and conducted an asphalt plant. In connection with the business it owned and operated a steam-roller. It not only did its own street asphalt work but also performed general work for private persons and corporations.

On the 13th day of April, 1922, the city was doing asphalt work on Haddon avenue, partly on its own account and partly for the Public Service Company. During the noon hour the steam-roller was left in the highway generating steam, without any person being in attendance. The safety valve was set so that steam would blow off at a pressure of one hundred and twenty-five pounds to the square inch. There was no warning sign set up. While the plaintiff, a lad of fifteen years of age was driving a team of horses along the avenue and the horses were about passing the steam-roller, it suddenly with a hissing sound emitted a cloud of steam enveloping partly the heads of the horses, thereby frightening them and causing them to run away, and as a result the lad was seriously and permanently injured.

The record shows that on behalf of the municipality it was conceded that the work was being done for the Public Service Company. It is true that this concession was made with the qualification that the work was done at cost. Later on, in the progress of the case, counsel of defendant said: "I may have to withdraw that agreement touching the work for individual corporations," &c. This was not done, evidently, because, of the fact, that there was plenary proof that the city was not only doing work for the Public Service Company but for private individuals as well. Allusion is made to the foregoing circumstances, in order to demonstrate that the appellant was engaged at the time of the injury to the plaintiff in a private enterprise which was practically conceded, and that being so, there was no factual question to be presented to the jury for its determination, in regard thereto.

The first and second grounds of appeal urged for a reversal are based upon a refusal of the trial judge to direct a verdict for the defendant.

In support of this request it is argued, firstly, that there was a complete failure of any proof of any profit derived by the city from the work done and even though it appeared that the work was done for profit there can be, properly, no recovery because such work was the exercise of a governmental function.

The common law rule that a municipality in the exercise of a public duty can commit no wrong for which a person injured thereby can recover compensation has its limitations and exceptions. This was impliedly recognized in *Freeholders of Sussex* v. *Strader*, 18 *N. J. L.* 108. At page 116 Judge Dayton, speaking for the Supreme Court, points out that for a breach or neglect of a public duty, though every individual composing that public is injured, he can have no private remedy at the common law, and that the only remedy is by indictment.

This court in *Livermore* v. *Freeholders of Camden,* 31 *N. J. L.* 507, affirmed the doctrine laid down in the case cited, and, hence, the doctrine as there enunciated and applied may be considered as firmly settled.

In *Jersey City* v. *Kiernan,* 50 *N. J. L.* 246, that distinguished jurist Chief Justice Beasley (at *p.* 250), speaking for the Supreme Court, points out, with convincing logic, to what extent the common law rule is to be applied. He says: "What is the legal rule when a private nuisance alone has arisen exclusively from such a source? In the principal case referred to, the neglect complained of—that is, the absence of proper care in the construction or reparation of the bridge—was a public evil affecting the body of the people; in this case the defect in the sewer is injurious, apparently, to the plaintiff and one other contiguous landowner alone. Consequently, in the case in hand, as the mischief to the community, if any, is not of a magnitude sufficient to justify an indictment, while, at the same time, it damages the property of an individual, it is obvious that unless such a suit as

the present one will lie, the wrong cannot be redressed by any method known to the law.

"After careful consideration, my conclusion is that the general rule established by the line of cases referred to is not applicable to the facts present in this instance, and that whenever an indictment will not lie for such a neglect as is here complained of, attended with such consequences, as have here ensued, the person thus specially injured may, in order to right the wrong, resort to an action * * *. The injustice done and the necessity for a remedy are alike obvious, and would be to push to an extreme the doctrine which under most circumstances gives immunity to the community in the case of the misconduct of public officials."

In *Hart* v. *Freeholders of Union,* 57 *N. J. L.* 90, Mr. Justice Magie (at *p.* 92) says: "It has been uniformly held by our courts that in the absence of statutory provisions, a municipal corporation charged with the performance of a public duty is not liable to an individual for neglect to perform or negligence in the performance of such duty, whereby a public wrong has been done for which an indictment will lie, although such individual has suffered special damages thereby. The cases are all collected by Mr. Justice Garrison, in his opinion in *Waters* v. *Newark,* 28 *Atl. Rep.* 717 (56 *N. J. L.* 361, at *p.* 363), and the test of a right of action is declared to be the liability or non-liability to an indictment for a public wrong, for, if the wrong-doing of the municipal corporation only creates a private nuisance for which no indictment will lie, one suffering special damage may have an action therefor. *Jersey City* v. *Kiernan,* 21 *Vr.* 246." The learned justice then proceeds to discuss and lay down the legal rule, as expressed in number 2 of the *syllabi,* which reads: "The exemption of a municipal corporation from actions by individuals suffering special damage from its neglect to perform or its negligence in performing public duties, whereby a public wrong is done for which an indictment will lie does not extend to actions where the injury is the result of active wrong-doing chargeable to the corporation." This court in *Kehoe* v. *Rutherford,* 74 *N. J. L.* 659, and in *Doran*

v. *Asbury Park,* 91 *Id.* 651, affirmed this rule, as enunciated in express terms. The facts of the instant case fall clearly within the application of the principle, as expressed, in the two cases above referred to.

There is, however, another cogent legal reason why the appellant municipality should respond in damages for the injury done to the plaintiff. The fact is undisputed that the appellant embarked upon a private enterprise, presumably for profit, or, if not, at least, for the sake of economy, in having the work done cheaper and better, than by letting it out on contract to a successful lowest competitive bidder, as required by the statute. It is not essential that the municipality carried on the private enterprise for profit in order to hold it amenable for the acts of its servants engaged to do the work, it is sufficient if it derives some special benefit or advantage. *Tonlin* v. *Hildreth,* 65 *N. J. L.* 438.

The concession on behalf of the municipality that it owned the steam-roller, furnished its own material with which to do the work and hired servants for that purpose and was engaged in doing work for the Public Service Company and for private persons, as well, upon some work incumbent upon it to do, even with the further concession that the work done for private parties was without profit, under the rule laid down in the above-cited case, if the municipality derived some special benefit or advantage, that would be sufficient to deprive it of the immunity contended for.

Moreover, the concensus of judicial opinion appears to be that when a municipality embarks upon a private business enterprise, the law casts upon it the same duties and obligations as are required to be performed and borne by individuals, and to the performance of such duties or obligations the doctrine of *respondeat superior* is applicable. 28 *Cyc.* 1257, 1258, 1259.

It is only where the business or work of the municipality is confined to the exercise of a strictly governmental function, free from any active wrong-doing, on its part, that immunity from responding in damages to persons injured

through the negligence of its public officers, agents or servants, is warranted.

The question whether or not the municipality, in the circumstances of the case, as developed by the testimony, and in view of the concession above referred to, was in the exercise of a strictly governmental function, was a court and not a jury question.

It is, therefore, quite obvious that the motion to direct a verdict for the defendant was properly denied, and that the learned trial judge was warranted in refusing to give the instructions to the jury, as requested by defendant's counsel.

Judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, GARDNER, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ. 14.

*For reversal*—None.

Submitted June 5, 1924—Decided October 20, 1924.