STATE BOARD OF MEDICAL EXAMINERS, PROSECUTOR,
v. EDWARD A. BAKER, DEFENDANT.

Submitted October 30, 1931—Decided May 16, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *William A. Stevens,* attorney-general,
and *Robert Peacock,* assistant attorney-general.

For the defendant, *Lionel Isaacs* and *Herbert F. July* (of
the New York bar).

PER CURIAM.

This writ of *certiorari* seeks a review of a judgment of the
District Court of the city of Elizabeth, adjudging the de-
fendant not guilty of a violation of the act regulating the
practice of chiropody.

The defendant is not licensed as a chiropodist. The testi-
mony of the several witnesses for the state board was that he
examined their feet by feeling "around those bones in the
feet;" took impressions of their feet; and, in each instance,
recommended arch supports, and made such supports for
them. The charge was $15 in each case. The defendant
testified in substance as did the prosecutor's witnesses. On
behalf of the prosecutor, an expert witness was permitted to
testify that the things admittedly done by the respondent
constituted the practice of chiropody. We are not called upon
to pass upon the competency of the testimony of this expert.
The pertinent part of it was admitted without objection.

The situation thus presented is one where it appeared from
the uncontradicted testimony of the factual witnesses and
the admitted expert testimony that the respondent had prac-

ticed chiropody. There being no conflict in the testimony before the trial judge, we are of opinion that he was not at liberty to disregard the evidence and substitute his own opinion, unsupported by evidence, in place thereof. A verdict must be considered in view of the situation presented to the trial court. A verdict erroneous on the theory and proofs presented to the trial court cannot be sustained. *First Caldwell Oil Co.* v. *Hunt,* 100 *N. J. L.* 308; 127 *Atl. Rep.* 209; *Flammer* v. *Morelli,* 100 *N. J. L.* 314; 126 *Atl. Rep.* 307.·

The judgment under review will be reversed, and a *venire de novo* awarded  Costs will abide the outcome of the proceeding.