12 N.J. Super. 92 (1951)
79 A.2d 100
CLARENCE W. THOMPSON AND RUTH M. THOMPSON, HIS WIFE, PLAINTIFFS,
v.
BOARD OF EDUCATION, CITY OF MILLVILLE, DEFENDANT.
Superior Court of New Jersey, Cumberland County Court Law Division.
Decided February 2, 1951.
*93 Mr. Nathaniel Rogovoy, attorney for the plaintiffs.
Messrs. Greenblatt & Greenblatt, attorneys for the defendant.
HORUVITZ, J.C.C.
This is a motion for judgment on pleadings, pursuant to the Rule 3:12-3.
The complaint is in two counts by husband and wife. In the first count, the female plaintiff seeks a recovery for personal injuries, alleging that on the afternoon of September *94 8, 1950, after school hours she went to the high school building in Millville, New Jersey, for the purpose of attending a majorette or baton twirling contest in which her student daughter was a participant. It is on this score that her status as an invitee is claimed. That as she was walking through the main entrance hall she sustained a fall on a floor that was improperly waxed or oiled, for which a recovery against the defendant is sought.
In the second count, the husband sues per quod.
The negligence charge is twofold. First, the customary blanket allegation of failure to use due care, and second, the specific complaint that the defendant "* * * allowed the floor in the main entrance and hall to be improperly oiled or waxed thereby causing great and unsafe quantities of oil or wax to remain on said floor so as to make unsafe the use of the plaintiff, Ruth M. Thompson, of the premises she was required to use in pursuance of her said invitation."
The complaint further alleges that the defendant sponsors a high school football team which engages in games with other schools, and for the viewing of which an admission fee was charged to spectators. That in connection with such athletic contests, a band is also sponsored which numbers among its personnel majorettes selected from the student body, and that both, i.e., the band and the majorettes, participate before the games, during the halves and after the game, all to add color to the festivities.
Thus, it is sought to make baton twirling an integral part of a scholastic football game and place one who views preliminary contests for the selection of majorettes in the same category as one who attends a football game via an admission fee. Let this unique theory be accepted for the purpose of arriving at a conclusion of the legal principles involved.
The query that presents itself to this court for solution is this:
"Is an athletic contest, or any activity related thereto, conducted on school premises for monetary gain by a Board of Education, a proprietary or governmental function?"
*95 To arrive at a determination of this inquiry, there seem to be two underlying tests:
(1) Is monetary gain sought?
(2) Is it a function that can be performed by an individual?
As to the first query, it is the opinion of this court that the only monetary gain sought is the self-perpetuation of the activity engaged in by the student body, namely, football; therefore, it could not fall into the class of a profit-making enterprise. McQuillan, Municipal Corporations, vol. 18, § 53.29.
As to the second query, it is obvious it is obvious that interscholastic athletic activities do not fall into the same category as a water works or a municipal electric plant. As a general proposition "a municipality is ordinarily not liable for negligence or other wrongful acts of school officials or for injuries arising in connection with its ownership of school buildings." McQuillan, Municipal Corporations, vol. 18, § 59.93, 47 Am. Jur., § 58. The statute, R.S. 18:5-30, provides as follows:
"No school district shall be liable for injury to the person from the use of any public grounds, buildings or structures, any law to the contrary notwithstanding."
In the case of Falcone v. Board of Education of Newark, 17 N.J. Misc. 75 (City. Ct. 1939), the court held that a board of education is within the provisions of the foregoing statute "exempting school district from liability for injury to the person since such board holds title to district's property and is the entity to sue and be sued."
The only way in which liability could be predicated could be either an act of wrongdoing as distinguished from mere negligence which is in the case here, or where the function is proprietary rather than governmental in its nature. Such is the declaration of the case law in the State of New Jersey. Olesiewicz v. Camden, 100 N.J.L. 316, 126 A. 317 (E. & A. 1924). See also 60 A.L.R. 192.
Plaintiff seeks to rely upon the case of Leeds v. Atlantic City, 181 A. 892 (1935), which is a Circuit Court case, in *96 which a recovery was allowed where the plaintiff was injured at a football game held at the Convention Hall in Atlantic City. This case is clearly distinguished from the case at bar by the judicial declaration of the court in the later case of Kane v. Board of Education of Montclair, 20 N.J. Misc. 7, 23 A.2d 277 (Sup. Ct. 1941), on the ground that the Convention Hall in Atlantic City in which the plaintiff was injured was maintained under P.L. 1929, p. 396, R.S. 40:62-34 which provides "it being the intention of this act that such municipality shall be able to operate such stations and halls in the businesslike manner similar to the methods that would be employed if the station or hall was operated by a private and not a municipal corporation."
In the instant case, the attempt to make an athletic contest, or any activity related thereto, a proprietary function fails. The school building where the alleged accident took place was erected for the purpose of providing instruction for the children of the City of Millville. This is a definite governmental function, and the inclusion of the idea that football games are operated as a profit-making enterprise does not establish a transition from a governmental to a proprietary function.
The organization of school athletic teams at public schools generally has been considered to be an integral part of physical education, and, therefore, it is the general rule that school districts or school boards are immune from liability or injury to players or spectators sustained in connection with the practicing of school games or contests between them, even though admission is charged to such contests, and even though the holding of such games or contests is merely authorized and permissive and not mandatory. See 160 A.L.R., p. 191.
The motion for judgment on the pleadings in favor of the defendant is granted, and an appropriate order may be presented.