**Elmer F. LEEMON, Plaintiff,**

v.

**SOUTH JERSEY PORT COMMISSION, Camden Marine Terminals, and South Jersey Port District, Defendants.**

Civ. No. 75-56.

United States District Court
D. New Jersey.

Oct. 18, 1956.

Brown, Connery, Kulp & Wille, by Thomas F. Connery, Jr., Camden, N. J., for plaintiff.

Freedman, Landy & Lorry, by Joseph Weiner, Philadelphia, Pa., of counsel.

Carroll, Taylor & Bischoff, by William G. Bischoff, Camden, for defendant.

MADDEN, District Judge.

This is a suit for personal injuries allegedly sustained, when, as a longshoreman, plaintiff was unloading the cargo from the barge "Winyah" which was moored at the pier of the defendants. The complaint alleges that while working on the barge while it was so moored the defendants, through their agents, servants and employees, without notice to him moved the barge causing him to fall thirty feet into the hold of the barge severely injuring him, for which he seeks damages.

Upon service of the complaint, defendants moved to dismiss upon two grounds, as follows:

(a) That the defendants are State Agencies and are immune from suit as being a part of the sovereign State.

(b) That the Camden Marine Terminals is not an entity subject to suit and the service of process is insufficient.

After the original argument in the matter, plaintiff filed an amended complaint which, in addition to the things alleged in the original complaint, claimed that the defendants in the operation of the pier were engaged in a proprietary function and were liable to plaintiff for negligence.

At the final argument of the matter, plaintiff urged two main points in answer to defendants' motion to dismiss; firstly, that under the statute creating the Port Commission and Port District the legislature gave permission to sue and be sued, that inasmuch as the Commission, in the operation of the pier, was engaged in a proprietary function they are responsible in tort; secondly, that the suit being a maritime action the right of recovery in the plaintiff cannot be prevented by local State law but is controlled by general maritime law.

The statute establishing the Port District and the Port Commission is found at 12 N.J.Statutes Annotated, Section 11 et seq., and, among other things, provides:

12:11–2. "The district is hereby declared to be a public corporation and body politic and shall have power to: * * *

"b. Sue and be sued".

Section 3 of the Act (12:11–3) provides for the Commission to run the District, the number of commissioners, their terms, the manner of their appointment, etc.

■ It is apparent, from a reading of the statute, that the Camden Marine Terminals is a name given to a pier run by the Commission in the District, is not a legal entity and not subject to process, consequently, this name will be stricken from the cause.

■ In reference to the motion that "The defendants are State Agencies and are immune from suit as being a part of the sovereign State," the Court can find nowhere in the act establishing the Commission, supra, any limitation on the manner or method of suit or exemption of liability for its torts. At best, on this question, the Commission would seem to be in the same legal position or classification as a municipality, likewise creatures of the legislature of New Jersey. It is so well established in this State that municipalities are subject to the jurisdiction of the courts as to be almost elemental. Their liability in tort, after jurisdiction has been established, is a different thing entirely. Besides this, the Act, supra, gives specific authority not only to the Commission to sue but, likewise, annunciates the right in the public as to the Commission "to be sued."

As to the question of alleged liability under the pleadings, we must view the matter in the face of the allegation in the amended complaint that:

"Defendant South Jersey Port District is a public corporation created and established by the legislature of the State of New Jersey in 1926, *and engaged in the operation of certain piers as a proprietary function as distinguished from a governmental function."* (Emphasis supplied.)

[3] This is plaintiff's allegation and if it constitutes a legal ground of recovery he must have his opportunity to prove it. As was said by Judge Jones in Continental Collieries v. Shober, Jr., 3 Cir., 1942, 130 F.2d 631, 635:

"No matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it."

See, also, Leimer v. State Mut. Life Assurance Co., 8 Cir., 108 F.2d 302.

■ We must, therefore, inquire, can there be liability against a public corporation of New Jersey if its agents or servants commit a tort while the corporation is engaged in a proprietary function? Judge Freund has just written a comprehensive opinion for the New Jersey Superior Court, Appellate Division, on this point in the Matter of Cloyes v. Township of Delaware, 41 N.J.

Super. 27, at page 32, 124 A.2d 37, at page 40, wherein he reviews the authorities and, among other things, said:

"It is now unquestioned that a municipal corporation in the performance of a governmental function carries out a public duty and, in the absence of statutory authority directing otherwise, is immune from responsibility for negligence in the performance of such public duty except upon proof of active wrongdoing or positive misfeasance chargeable to it." (Citing cases.)

And further:

"It is also firmly settled that where a municipality is engaged in a proprietary function, as distinguished from a governmental one, it is answerable for its negligent acts or those of its agents, as would an individual or a private corporation." (Citing cases.)

And further:

"The factors which have been considered in determining whether a particular function is proprietary have been: whether the function could be performed as well by a private corporation, [citing cases]; whether the municipality derives a profit or merely some benefit or advantage from operation of the enterprise, Olesieqwicz v. City of Camden, supra [100 N.J.L. 336, 126 A. 317]; whether the function concerns the sale of a commodity or service, establishing the relationship of seller and purchaser as between the municipality and the consumer [citing cases]. In the absence of these factors, the function is considered governmental [citing cases]."

And further:

"Thus, it has been held to be a proprietary function where the municipality operated a bathing pavilion, [citing case]; supplied water to its inhabitants, [citing cases]; where it operated an asphalt plant and performed asphalt work for private persons and corporations, [citing case]; where it engaged in the furnishing of electricity to its inhabitants, [citing case]."

And further:

"Ordinarily, governmental functions of a municipality are available to all taxpayers, and whether or not the specific function is utilized is not a determinant. Schools are conceded to be a municipal function devolving from a public duty, supported by all taxpayers of the municipality, whether or not they have children to avail themselves of the educational facilities provided. That is the idea of public duty, duty to all, whether or not utilized, and the situation is similar as to police and fire protection, whether or not an individual property owner ever calls the police or the fire department. However, here, only those who actually use the service pay for it; it is not general and available to the municipal public at large—a consideration to be weighed in determining whether the function is proprietary rather than governmental, particularly when coupled with the fact that a service of this nature could just as well be performed by a private corporation and that it results in a seller-consumer relationship between the municipality and those using the service."

Using these tests and the tests laid down in the cases cited therein, one comes to the conclusion that the operation of a pier on the Delaware River for the loading and unloading of commodities is a proprietary function and makes the public corporation responsible for any negligence committed by its employees in the corporate work.

This holding makes it unnecessary for the Court to determine the question of maritime law raised by the plaintiff by way of answer to defendants' motion.

For the reasons set forth hereinbefore, the name Camden Marine Terminals

**832**

will be stricken from the pleadings as a defendant and in all other respects the defendants' motion to dismiss will be denied. Counsel will prepare an appropriate order.