202 N.J. Super. 535 (1985)
495 A.2d 485
KEVIN PATRICK NYDEGGER AND FREDERICK NYDEGGER, PLAINTIFFS,
v.
DON BOSCO PREPARATORY HIGH SCHOOL, RICHARD ZAWACKI AND DONALD CUNNINGHAM, DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
Decided January 24, 1985.
*536 Charles Melli for plaintiffs (Melli & Doyne, attorneys).
Vincent Vitiello for defendants Don Bosco Preparatory High School and Richard Zawacki (Vitiello & Seltzer, attorneys).
MEEHAN, J.S.C.
The issue in this matter is the duty of a high-school soccer coach to a player on the opposing team. This is the first case in the State of New Jersey concerning a student in one high school against a coach in another.
*537 The facts in this matter are that on October 14, 1981, the infant plaintiff, Kevin Patrick Nydegger, a member of the varsity soccer team of Bergen Catholic High School (hereinafter referred to as Bergen) sustained a serious injury in a game with defendant, Don Bosco Preparatory High School (hereinafter referred to as Don Bosco) where defendant, Richard Zawacki, (hereinafter referred to as Zawacki) was the coach. The injury occurred when plaintiff was "undercut" by a member of the Don Bosco team. The person who allegedly undercut plaintiff is defendant, Donald Cunningham, who has defaulted. The issue of his responsibility is not before the court at this time. It has been stipulated that Zawacki did not instruct his players to intentionally injure plaintiff nor instruct anyone in moves that would intentionally injure an opposing player. Plaintiff's allegations against Zawacki are that he teaches his players to compete in an "aggressive and intense manner" and that winning the game is all important. Plaintiffs, at oral argument on this motion, indicated they had no evidence to offer against Don Bosco and consented to dismissal of the complaint as to it.
The court finds that in the absence of an instruction by a coach to one of his players to commit a wrongful act or his instructing one in moves or procedures that would increase the risk of harm to opposing players, a coach is not responsible to a player on an opposing team who is injured. The court is aware that Bergen and Don Bosco are Catholic high schools. In this matter, the court has treated Zawacki on the same basis as if he were employed by a public school system. Both schools compete in the Northern New Jersey Interscholastic League which is composed of both Catholic and public schools. The court sees no reason why a student's right to an action against a coach of an opposing team should turn on the status of the school. A student has to compete against the opposing team. By participating in broad interscholastic programs, a school in reality *538 agrees to assume equal duties to players participating against that school.
The case of Titus v. Lindberg, 49 N.J. 66 (1967) recognized the duty of school personnel to supervise activities of students. This has been further supported by authority in this and other jurisdictions. See Jackson v. Hankinson, 51 N.J. 230 (1968); Doktor v. Greenberg, 58 N.J. Super. 155 (App.Div. 1959), certif. den. 31 N.J. 548 (1960); Eastman v. Williams, 124 Vt. 445, 207 A.2d 146 (1965); Cianci v. Board of Education, 18 A.D.2d 930, 238 N.Y.S.2d 547 (1963).
There is no reported case in New Jersey of a suit by an injured player against an opposing coach. Across the country, there are some cases of this type. In Carabba v. Anacortes School District No. 103, 72 Wash.2d 939, 435 P.2d 936 (1967), the suit was against a wrestling referee, which went to the jury on the issue of his negligence. The court there found a duty existed on the part of the referee, who was considered to be an employee of an opposing school district. In Fustin v. Board of Education of Community District No. 2, 101 Ill. App.2d 113, 242 N.E.2d 308 (1968), the court found no duty and hence no liability was imposed. The findings in the Fustin case are not very helpful as it was decided on an Illinois immunity statute not relevant here. Id., 242 N.E.2d at 312. Thompson v. Board of Education, City of Millville, 12 N.J. Super. 92, 96 (Law Div. 1951); 160 A.L.R. 191., could be construed as supporting the proposition that schools are immune from liability for negligence in connection with interscholastic sports which cause injuries to players. This court believes that Titus, supra, and the cases that followed have impliedly overruled the holding of that case.
Interscholastic sports are not compulsory school programs. Students who participate do so voluntarily. Those who participate in a sport such as soccer expect that there will be physical contact as a result of 22 young men running around a field 50 *539 by 100 yards. Physical contact is not prohibited by the rules of soccer. Injuries do result. Those who participate are trained to play hard and aggressive.
Organizations within the State attempt to match schools to leagues in the hope that competition will be equal. The goal is to have schools of similar size compete. The court is aware of the general nature of high school athletics. It is a highly organized and highly competitive activity. The two schools involved are members of the Northern New Jersey Interscholastic League which encompasses the largest public and Catholic high school teams in Bergen, Passaic and Essex Counties.
In sum, no student or parent is blind to the realities of interscholastic athletics. The possibility of a serious injury exists regardless of the care exercised by schools and their personnel. Imposing liability upon schools and their coaches based on negligent or wrongful acts of players, committed during the course of play would have the practical effect of eventually eliminating interscholastic athletics. Interscholastic athletic activities have become an integral part of the intellectual, physical and social development of young people. No matter what the intentions or good purpose, a coach cannot insure or guarantee that each and every member of his team will not commit a foul or will not in the heat of the contest do an act beyond that which is acceptable.
A coach cannot be held responsible for the wrongful acts of his players unless he teaches them to do the wrongful act or instructs them to commit the act. There is absolutely no evidence in the record that would support such a finding. Teaching players to be intense and aggressive is an attribute. All sports and many adult activities require aggressiveness and intensity. Judgment of dismissal is entered in favor of defendants, Don Bosco and Richard Zawacki. The order submitted by the attorney for defendants shall be entered by the court.