589 So.2d 323 (1991)
Angelina O'CAMPO, etc., et al., Appellants,
v.
The SCHOOL BOARD OF DADE COUNTY, Florida., Appellee.
No. 90-863.
District Court of Appeal of Florida, Third District.
October 15, 1991.
Rehearing Denied December 19, 1991.
*324 Daniels & Hicks, David H. Burstyn, Miami, for appellants.
Peters, Pickle, Niemoeller, Robertson, Lax & Parsons and Yvette Rhodes Prescott, Miami, for appellee.
Before COPE, LEVY and GODERICH, JJ.
GODERICH, Judge.
Angelina O'Campo, a minor by, and through her mother, Linda Cooper, and Linda Cooper, individually [collectively referred to as plaintiffs], appeal from a final summary judgment entered in favor of the School Board of Dade County [School Board]. We reverse and remand.
The plaintiffs alleged that on February 25, 1987, Angelina O'Campo, an eleven year old child, was attacked and raped while waiting on school property for her school bus. We review a summary judgment, and therefore construe the record in the light most favorable to the plaintiffs as the nonmoving parties. See, e.g., Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Williams v. Florida Realty & Management Co., 272 So.2d 176 (Fla. 3d DCA 1973). The record indicates that the School Board directed O'Campo to be in front of Coral Way Elementary School at 6:55 a.m. so that she could be picked up and transported to the special arts program for gifted children at South Miami Elementary School. When her stepfather dropped her off on the morning of the rape, he did not notice any suspicious persons on the school grounds. Since the school was not opened yet, O'Campo waited for the bus alone and without supervision.
There were no prior rapes at Coral Way Elementary School, but there was evidence of other crimes. Additionally, there was a substantial number of complaints of violent and sexual assaults throughout the Dade County school system. In the early morning hours before the rape, the Special Investigative Unit of the School Board was informed that there were two suspicious persons prowling the grounds of Coral Way Elementary School. The Special Investigative Unit went by the school to verify this report, but the investigator never notified the City of Miami Police Department of the incident. The investigator did not know that O'Campo would be waiting for the bus here and, therefore, did not warn her. As a result of the rape, O'Campo claimed serious permanent physical, mental and emotional injury. She has been *325 under the constant treatment of a psychologist.
The School Board moved for summary judgment on the basis that it did not owe a duty of care to protect O'Campo from a criminal attack by a third party. The plaintiffs filed the affidavit of Kenneth Harms, a security expert, which concluded that the attack on O'Campo was reasonably foreseeable regardless of the lack of a prior rape at Coral Way Elementary School. The trial court granted the School Board's motion for summary judgment ruling that there is no liability for a crime perpetrated against a student at a specific school "without any prior, actual or constructive knowledge of the same or similar crime on that situs." The plaintiffs appeal alleging that the School Board breached its duty to supervise and that the breach caused foreseeable harm.
Teachers and the school board have a general duty to supervise the activity of students when the school is entrusted with their care. Rupp v. Bryant, 417 So.2d 658 (Fla. 1982); Collins v. School Bd. of Broward County, 471 So.2d 560 (Fla. 4th DCA 1985); Benton v. School Bd. of Broward County, 386 So.2d 831 (Fla. 4th DCA 1980); Barrera v. Dade County School Bd., 366 So.2d 531 (Fla. 3d DCA 1979). The school breaches its duty to provide adequate supervision and security to its students when it provides no supervision. Broward County School Bd. v. Ruiz, 493 So.2d 474 (Fla. 4th DCA 1986); Collins, 471 So.2d at 560.
In the instant case, we find that the School Board had a duty to supervise O'Campo where the School Board itself directed O'Campo to wait at Coral Way Elementary School to be transported to the gifted program at South Miami Elementary School. This directive created the correlative duty to supervise O'Campo. Whether the School Board breached the duty of care by failing to provide adequate supervision is a question of fact for the jury. See Benton v. School Board of Broward County, 386 So.2d 831 (Fla. 4th DCA 1980). O'Campo has presented reasonable evidence to demonstrate that the School Board breached its duty of care. Thus, the issue is for the fact finder. See Vining v. Avis Rent-A-Car Systems, Inc., 354 So.2d 54 (Fla. 1977).
The issues raised in this case were not properly susceptible of summary disposition. See Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Barrera v. Dade County School Board, 366 So.2d 531 (Fla. 3d DCA 1979). The summary judgment is reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed and remanded.