599 So.2d 226 (1992)
Raymond DOE and Susan Doe, as Parents and Natural Guardians of Daughter Doe, a minor, Appellants,
v.
ESCAMBIA COUNTY SCHOOL BOARD, Appellee.
No. 91-1096.
District Court of Appeal of Florida, First District.
May 18, 1992.
Rehearing Denied June 23, 1992.
Ross M. Goodman of Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellants.
*227 Joseph L. Hammons of Hammons & Whittaker, P.A., Pensacola, for appellee.
ZEHMER, Judge.
Raymond Doe and Susan Doe, as parents and natural guardians of Daughter Doe, appeal a summary judgment entered in favor of the Escambia County School Board. The Does sued the School Board for personal injuries to their daughter, alleging that its negligent failure to properly supervise students under its control resulted in Daughter Doe being taken from her school grounds and raped. The summary judgment is based on the trial court's ruling that the level of security of which the Does complain is a discretionary function that subjects the Board to the defense of sovereign immunity. The court further ruled that even if the complaint were aimed at an operational function to which the sovereign immunity defense does not apply, there was no showing that the Board breached any legal duty to supervise Daughter Doe's activities. We reverse.
Briefly, the evidence viewed in a light most favorable to the Does' case established the following. Daughter Doe is an emotionally handicapped and learning disabled student who was attending Woodham High School at the time of this incident. Although she was 14 years old and in ninth grade at that time, she functioned on a third or fourth grade level and was extremely naive and socially immature. On the morning in question, three of the teachers at Woodham High School were aware that Daughter Doe was behaving out of character because she twice changed out of her conservative dress into a mini-skirt. Each time, a teacher compelled her to change back into the dress she initially wore to school. During Daughter Doe's lunch period, a male student took her by the arm, walked her out to the school parking lot, put her in a car, and took her to a house. At the same time, several other male students also left the school by car and went to this house. Daughter Doe was taken into a bedroom where five of the students forced her to have sex with them.
The essence of the Does' cause of action is that the School Board owed Daughter Doe a duty to provide reasonably safe conditions and supervision while she and other students were under the school's control, and that it breached this duty by negligently failing to supervise and control Daughter Doe and the other students under its control so as to prevent their unauthorized departure from the school campus. In ruling on the School Board's motion for summary judgment, the court made the following statement in the appealed order:
It appears that what Plaintiffs are complaining of is the level of security provided on the school campus. This Court is of the opinion that such consideration is a discretionary function subject to the defense of sovereign immunity.
The trial court erred in characterizing the plaintiff's cause of action as one for lack of adequate security; the complaint and the evidence of record clearly show that it is for the negligent breach of the school's duty to adequately supervise students under its control.
The School Board and its teachers are under a common law and statutory duty to supervise the activity of students under their care and control, and such duty is operational, not discretionary, and is not protected by sovereign immunity. Comuntzis v. Pinellas County School Board, 508 So.2d 750 (Fla.2d DCA 1987). See generally Rupp v. Bryant, 417 So.2d 658 (Fla. 1982); O'Campo v. School Board of Dade County, 589 So.2d 323 (Fla. 3d DCA 1991); Collins v. School Board of Broward County, 471 So.2d 560 (Fla. 4th DCA 1985); Benton v. School Board of Broward County, 386 So.2d 831 (Fla. 4th DCA 1980); Barrera v. Dade County School Board, 366 So.2d 531 (Fla. 3d DCA 1979). The scope of that duty is determined from the circumstances involved, the applicable statutes, e.g. §§ 232.25 and 232.257, Fla. Stat. (1989), and the rules and regulations adopted by the Board to implement these statutory provisions. The record contains rules and regulations adopted by the School Board which require that school administrative and teaching personnel provide the required supervision during school *228 hours both in the school building and its appurtenant areas, including the parking lot. Providing inadequate or no supervision at all is a breach of this duty. O'Campo v. School Board of Dade County, 589 So.2d 323.
The evidence before the trial court, considered in a light most favorable to the plaintiffs, reveals disputed issues of material fact as to whether the School Board breached this duty of care by failing to adequately supervise Daughter Doe and the other male students while under the school's control during school hours, and thus presents questions of fact that must be determined by the jury. O'Campo v. School Board of Dade County, 589 So.2d 323. We reverse the summary judgment and remand for jury trial on all issues.
REVERSED and REMANDED.
BARFIELD and ALLEN, JJ., concur.