695 So.2d 437 (1997)
SCHOOL BOARD OF BROWARD COUNTY, a political subdivision of the State of Florida, Appellant,
v.
Gary BEHARRIE, Appellee.
No. 96-0559.
District Court of Appeal of Florida, Fourth District.
May 21, 1997.
Rehearing, Rehearing Denied June 25, 1997.
*438 Ronald E. Solomon, Fort Lauderdale, for appellant.
Lawrence D. Bache of Law Office of Lawrence D. Bache, Pembroke Pines, and Peter G. Herman of Tripp, Scott, Conklin & Smith, Fort Lauderdale, for appellee.
Rehearing, Rehearing En Banc Denied June 25, 1997.
PER CURIAM.
This appeal is from a final judgment following a substantial jury verdict in the second trial of a personal injury claim made by a high school soccer player against the School Board of Broward County. We reverse and remand with direction to enter judgment for appellant.
The basis for the claim was a legitimate one; namely, negligent supervision. Even though appellant contends the cause of action fails because the supervisor was the coach of the opposing team, the distinction here is without a difference as the coach increased the risk of injury. See Nydegger v. Don Bosco Preparatory High School, 202 N.J.Super. 535, 495 A.2d 485 (Law Div.1985); Schiffman v. Spring, 202 A.D.2d 1007, 609 N.Y.S.2d 482 (1994); Brown v. Day, 68 Ohio App.3d 447, 588 N.E.2d 973 (1990).
The basis for the reversal is the improper stacking of an inference upon an inference. As this court said in Publix Super Markets, Inc. v. Schmidt, 509 So.2d 977 (Fla. 4th DCA 1987):
In Nielsen v. City of Sarasota, 117 So.2d 731, [733] (Fla.1960), the supreme court summarized:
In recent years we have several times undertaken a discussion of the rules applicable to circumstantial evidence and justifiable inferences therefrom in civil actions, as distinguished from criminal cases.... The sum of all of these opinions is that in a civil case, a fact may be established by circumstantial evidence as effectively and as conclusively as it may be proved by direct positive evidence. The limitation on the rule simply is that if a party to a civil action depends upon the inferences to be drawn from circumstantial evidence as proof of one fact, it cannot construct a further inference upon the initial inference in order to establish a further fact unless it can be found that the original, basic inference was established to the exclusion of all other reasonable inferences.

Publix, 509 So.2d at 978 (emphasis added); see also Voelker v. Combined Ins. Co., 73 So.2d 403, 407 (Fla.1954); Barcello v. Rubin, 578 So.2d 58, 59 (Fla. 4th DCA), rev. denied, 589 So.2d 292 (Fla.1991), overruled on other grounds by Bulldog Leasing Co. v. Curtis, 630 So.2d 1060 (Fla.1994).
In this case we have an uncontradicted fact that an opposing player fouled appellee. It *439 is equally uncontradicted that before the foul, the opposing coach yelled out to the guilty player to "take him" and to "waste him." Unfortunately for the injured player, our careful review of the record leads us to conclude that it cannot be inferredto the exclusion of all other reasonable inferences that the guilty player heard what his coach yelled so that it then could be properly inferred that the player acted upon what he heard with the resulting injury to appellee.
We know a linesman heard it several yards from the coach; and that the injured player heard it. The fouling player denied hearing it as did another player who collided with appellee immediately after the fouling player kicked appellee.
This was not a situation in which everyone is focused on the speaker. The sheriff was not addressing the waiting posse to "go get him." It was a high school soccer game with fans yelling from the stands and some noise on the field. The ball was in play and the players' focus cannot be said, with certainty, to be upon what the coach was shouting.
Because of our conclusion, it is unnecessary, at this time, to write upon the remaining issues.
GUNTHER, C.J., and GLICKSTEIN, J., concur.
DELL, J., dissents without opinion.