779 So.2d 667 (2001)
Reed SOMBERG, as personal representative of the Estate of Irving Ellis, deceased, Appellant,
v.
FLORIDA CONVALESCENT CENTERS, INC., d/b/a Palm Garden of North Miami Beach, Appellee.
No. 3D00-818.
District Court of Appeal of Florida, Third District.
March 21, 2001.
Ford & Sinclair, P.A., and Douglas F. Eaton, for appellant.
McIntosh, Sawran, Peltz & Cartaya, P.A., and Carmen Y. Cartaya, Fort Lauderdale, and Brian H. Pollock, Plantation, for appellee.
*668 Podhurst, Orseck, Josefsberg, Eaton Meadow, Olin & Perwin, Miami, for The Academy of Florida Trial Lawyers as Amicus Curiae.
Before COPE and SHEVIN, JJ., and NESBITT, Senior Judge.

On Motion for Rehearing
COPE, J.
On consideration of appellee's motion for rehearing, we withdraw the opinion dated December 20, 2000, and substitute the following opinion.
We are called on to determine whether a claim for damages for pre-death pain and suffering under chapter 400, Florida Statutes (1997), survives the death of the decedent. We conclude that the damages claim survives, and remand this case for further proceedings.

I.
In 1998 Irving Ellis was admitted to a nursing home owned by appellee Florida Convalescent Centers, Inc. The appellant, Ellis' personal representative, alleges that within days Ellis contracted an infection, that the nursing home personnel failed to treat the infection, and that Ellis died from complications a short time later.[1]
The personal representative filed suit for wrongful death and for violation of Florida's nursing home statute. The nursing home statute creates a "right to receive adequate and appropriate health care," § 400.022(1)(l), Fla. Stat. (1997), and creates a private right of action for deprivation of a nursing home resident's statutory rights. Id. § 400.023(1).
The personal representative determined that the only damages recoverable under the Wrongful Death Act would be minimal, consisting of burial expenses, see id. § 768.21, and dropped the wrongful death claim. This left the chapter 400 claim as the only claim the personal representative desired to pursue.
The nursing home moved for summary judgment, contending that chapter 400 damages for pain and suffering were eliminated in this case by the Wrongful Death Act which provides, "When a personal injury to the decedent results in death, no action for the personal injury shall survive...." Id. § 768.20.
The personal representative countered that chapter 400 explicitly authorizes suit "by the personal representative of the estate of a deceased resident when the cause of death resulted from the deprivation or infringement of the decedent's rights." Id. § 400.023(1).
The trial court agreed with the nursing home and entered judgment in its favor. This appeal follows.
The issue before us is a substantial one on which the districts are divided. Although we respectfully disagree with the conclusion reached by the trial court, strong arguments can be made on each side of the issue presented here.
In First Healthcare Corp. v. Hamilton, 740 So.2d 1189 (Fla. 4th DCA 1999), the Fourth District concluded that "the elements of damages recoverable by the personal representative of a deceased nursing home resident whose death results from deprivation of the deceased's rights are limited to those which a personal representative is specifically authorized to recover under the Wrongful Death Act." Id. at 1196. In contrast, in Beverly Enterprises-Florida, Inc. v. Spilman, 661 So.2d 867, 869 (Fla. 5th DCA 1995), the Fifth District determined that "[b]oth the plain language of the statute and the transcripts of the committee hearings indicate that the legislature did not intend for damages under section 400.023 to be limited by the Wrongful Death Act where the nursing home's infringement or deprivation of the *669 patient's rights resulted in the patient's death."
We agree with the Fifth District's opinion in Beverly Enterprises-Florida and certify direct conflict with First Healthcare Corp. v. Hamilton.
Consequently, we reverse the summary judgment and remand for further proceedings consistent herewith.
Reversed; direct conflict certified.[2]
NOTES
[1] The nursing home denies these allegations, but for summary judgment purposes the personal representative's allegations are assumed to be true. O'Campo v. School Board of Dade County, 589 So.2d 323, 324 (Fla. 3d DCA 1991).
[2] In light of this revised opinion, the motion for rehearing is denied.