PER CURIAM.
In this appeal, the Duval County School Board raises two issues: (1) whether the trial court erred by excluding testimony of a third party that a racial slur may have prompted the physical beating of stu-denVplaintiff Shelby Buchanan by Kiara Terry, despite neither student — nor any administrator, teacher, or other student present before or at the time of the beating — having heard a slur; and (2) whether the trial court erred in allowing the jury to consider the School Board’s prior disciplinary decisions regarding Terry in support of the alleged breach of duty. We affirm on the first issue, finding the trial court did not abuse its discretion in excluding the contested evidence, which was attenuated and amounted to no more than improperly stacked inferences. See School Bd. of Broward Cnty. v. Beharrie, 695 So.2d 437, 439 (Fla. 4th DCA 1997).
*822 On the second issue, we likewise affirm, but explain in more detail why. On March 5, 2008, Terry, a sixth grader at a local middle school, physically attacked Buchanan, who suffered a broken leg as a result. Terry — the attacker — had an extensive disciplinary history, including bullying, fighting, disruption of classes, and — shortly before the attack on Buchanan — possession of a blade, the latter to be punished by an in-school suspension (ISS) set for March 5, 2008. One of the four theories of negligence submitted to the jury was that the School Board was negligent for failing to place Terry in ISS on the scheduled day, allowing her instead to be on the playground at her school where the incident began. The jury found in favor of Buchanan on this theory (Count 2 on the verdict form) and on a second theory', that the School Board was negligent in its supervision of Terry immediately before the physical assault, which resulted in the injury to Buchanan (Count 4 on the verdict form). The jury ruled in favor of the School Board on the other two theories of recovery (Counts 1 and 3 on the verdict form).
On appeal, the School Board argues that it owed no duty to Buchanan to discipline Terry in a particular manner on any particular day, or, in the alternative, even if it owed a duty to Buchanan to discipline Terry in a particular manner, the formulation and execution of its disciplinary policy is a discretionary function for which it has sovereign immunity. The School Board says the jury should not have been able to hold it responsible for failing to have Terry in ISS on the designated day under principles of sovereign immunity.
We need not address this issue, which relates to only Count 2 on the verdict form, because the School Board has not contested the alternative basis for liability, which was the jury’s verdict in Count 4 that the School Board’s negligent supervision of Terry resulted in the harm to Buchanan. The School Board’s initial brief specifically limited its legal arguments to the three theories in Counts 1-3 on the verdict form, only one of which — Count 2 — resulted in a jury verdict against the School Board; it did not challenge the jury’s verdict as to Count 4, which was not based on the three contested theories. In her answer brief, Buchanan pointed out that whatever error may exist as to Count 2 is harmless given that the jury’s verdict on Count 4 was not challenged. In its reply brief, the School Board addresses Buchanan’s point by acknowledging that it has a duty to supervise its students and that it was proper to present this theory of liability in Count 4 to the jury for its determination. See Doe v. Escambia County School Board, 599 So.2d 226, 227 (Fla. 1st DCA 1992). It claims for the first time, however, that it was an abuse of discretion for the trial court to have allowed evidence of “Terry’s school conduct prior to March 5, 2008 to go before the jury,” which is a different argument than the no-duty and sovereign immunity arguments in its initial brief. Because negligent supervision is an accepted basis for liability against a school board, and the record here contains plentiful evidence to support the jury verdict on Count 4, no fundamental error exists.
AFFIRMED.
THOMAS, RAY, and MAKAR, JJ., concur.