BARBARA KOBYLANSKI, a Minor, by WALTER KOBYLANSKI, Her Parent and Next Friend, Plaintiff-Appellant, *v.* CHICAGO BOARD OF EDUCATION *et al.*, Defendants-Appellees.

(No. 58992;

First District (5th Division)—August 23, 1974.

*Rehearing denied September 23, 1974.*

Jerome E. Cihak and Winkler & Fornelli, Ltd., both of Chicago, for appellant.

Morrill, Koutsky, Chuhak and Upton, of Chicago (Roland C. Upton and Philip J. McGuire, of counsel), for appellee Chicago Board of Education.

Lord, Bissell & Brook, of Chicago (Stephen A. Milwid, Richard E. Mueller, and John J. Berwanger, of counsel), for appellee James Lecos.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from the orders of the trial court directing a verdict in favor of defendants James Lecos and the Chicago Board of Education and denying her post-trial motion for a new trial. The action seeks to recover for personal injuries under the provisions of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1971, ch. 85, par. 1—101 *et seq.*). On appeal plaintiff contends that the orders of the trial court were improper since a prima facie case of negligence was proven against defendants.

The parties agree that the question presented is purely one of law. Plaintiff was injured during her seventh-grade physical education class at Mark Twain Elementary School in Chicago. She suffered spinal injuries when she fell while performing an exercise on an apparatus called the "rings." Lecos was the teacher of the class and had given instructions on the performance of the exercise prior to the accident. Defendants are covered by liability insurance policies. Plaintiff filed her amended complaint under the Local Governmental and Governmental Employees Tort Immunity Act alleging defendants' negligent conduct. Defendants' answers denied the allegations of negligence and set forth as an affirmative defense section 34—84a of the School Code of 1961 (Ill. Rev. Stat. 1971, ch. 122, par. 34—84a). Plaintiff's reply denied the applicability of defendants' affirmative defense to the facts as pleaded in the amended complaint. At trial after plaintiff had presented her case, the trial court directed a verdict in favor of defendants. A post-trial motion for a new trial was denied, the trial court finding that plaintiff had failed to sustain her burden of proving defendants' willful and wanton conduct as required by section 34—84a of the School Code of 1961.

Plaintiff concedes that she did not allege or prove defendants' willful and wanton conduct but contends that where, as here, a public entity or its employee has procured liability insurance, liability for personal injuries may be founded on ordinary negligence. Plaintiff argues that section 34—84a of the School Code of 1961 is not applicable to the facts in this case.

Section 34—84a of the School Code of 1961 provides:

> "Teachers and other certificated educational employees shall maintain discipline in the schools. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians."

■■  It was the trial judge's decision and is defendants' position that no liability can attach to a teacher for mere negligence in supervision or maintaining discipline because of the status conferred by this section; namely, that of a parent or guardian to all the students in the classroom. Liability of a parent for injuries to a child does not attach absent willful and wanton conduct. *Mroczynski v. McGrath*, 34 Ill.2d 451, 216 N.E.2d 137; *Nudd v. Matsoukas*, 7 Ill.2d 608, 131 N.E.2d 525.

Although section 34—84a has never been subject to appellate review for the question under consideration here, there are several decisions that have considered identical language found in section 24—24 of the School Code of 1961 (Ill. Rev. Stat. 1971, ch. 122, par. 24—24).*

In *Merrill v. Catholic Bishop*, 8 Ill.App.3d 910, 290 N.E.2d 259, plaintiff, a seventh-grade student, was sent by his teacher to a room to cut lengths of wire from a coil to use in an art project. While doing so, he was struck in the left eye by the end of the wire resulting in the loss of vision in that eye. His action for negligence was dismissed for failure to state a cause of action. The appellate court affirmed holding that the statutory language did not limit the liability of a teacher to only disciplinary situations, but also to any activities directed by a teacher as part of the school program. *Accord, Mancha v. Field Museum*, 5 Ill.App.3d 699, 283 N.E.2d 899; *Woodman v. Litchfield Community School District No. 12*, 102 Ill.App.2d 330, 242 N.E.2d 780; *Fustin v. Board of Education*, 101 Ill.App.2d 113, 242 N.E.2d 308.

It cannot be disputed that plaintiff's injuries in the instant case occurred during activities directed by a teacher as part of the school program. In view of the interpretation given to identical language in section 24—24, we conclude that section 34—84a of the School Code of 1961 is applicable to the facts as pleaded by plaintiff.

■■  Plaintiff argues, however, that the doctrine of "parental immunity" is eroding, that the justification for the doctrine does not exist in a teacher-student relationship and that therefore we should deny its application to the case at bar. Unquestionably, Illinois law retains the doctrine of "parental immunity" for mere negligence within the scope of the parental relationship. (*Nudd v. Matsoukas*, 7 Ill.2d 608, 131 N.E.2d 525; *Mroczynski v. McGrath*, 34 Ill.2d 451, 216 N.E.2d 137.) It is also clear that the legislature sought to vest the teachers with parental status in all matters relating to the discipline in and conduct of the schools and the school children. (Ill. Rev. Stat. 1971, ch. 122, par. 34—84a.) The doctrine of "parental immunity" being applicable here, it was necessary for plaintiff to plead and prove defendants' willful and wanton conduct.

---

* Section 24 of the School Code of 1961 is applicable to cities with populations less than 500,000; section 34 to cities with populations greater than 500,000.

■■ Finally, plaintiff argues that defendants' procurement of insurance constitutes a waiver of the provisions of section 34—84a of the School Code of 1961. The thrust of her argument is that section 9—103 (b) of the Local Governmental and Governmental Employee Tort Immunity Act waives the right of a public entity to deny liability for negligent conduct.

This argument is without merit. The Tort Immunity Act provides:

"Every policy for insurance coverage issued to a local public entity shall provide or be endorsed to provide that the company issuing such policy waives any right to refuse payment or to deny liability thereto within the limits of said policy by reason of the non-liability of the insured public entity for the wrongful or negligent acts of itself or its employees and its immunity from suit by reason of the defenses and immunities provided *in this Act*." (Emphasis added.) Ill. Rev. Stat. 1971, ch. 85, par. 9—103(b).

The applicable provisions found in the School Code of 1961 do not require, as does section 9—103 of the Tort Immunity Act, any waiver of defenses or immunity from suit. The Tort Immunity Act does not purport to impose liability on school districts where no liability otherwise exists. (*Fustin v. Board of Education of Community Unit District No. 2*, 101 Ill.App.2d 113, 242 N.E.2d 308.) Furthermore, the existence or non-existence of insurance coverage is not a proper factor in determining liability. *Cosmopolitan National Bank v. Heap*, 128 Ill.App.2d 165, 262 N.E.2d 826.

We are compelled to conclude that plaintiff's amended complaint alleging ordinary negligence is insufficient as a matter of law. It was therefore proper for the trial judge to direct a verdict in favor of the defendants and deny plaintiff's motion for a new trial.

Accordingly, the judgments of the circuit court are affirmed.

Affirmed.

DRUCKER and BARRETT, JJ., concur.