TERRY MORRISON, a Minor, by Delmar Morrison, Sr., his Father and Next Friend, Plaintiff-Appellant, *v.* COMMUNITY UNIT SCHOOL DISTRICT NO. 1, PAYSON, *et al.*, Defendants-Appellees.

Fourth District   No. 12456

Opinion filed December 16, 1976.

Sprague, Sprague & Ysursa, of Belleville (John R. Sprague, Sr., of counsel), for appellant.

Loren E. Schnack, of Loos and Schnack, of Quincy, for appellee Community Unit School District No. 1.

O'Connell and Cashman, of Quincy (R. P. O'Connell, of counsel), for appellee Sheridan Swim Club.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

In the trial of plaintiff's action for personal injuries the trial court directed a verdict at the close of all of the evidence in favor of the defendant, School District, and the jury returned a verdict in favor of defendant, Sheridan Swim Club.

Upon appeal, plaintiff urges reversible error in (1) that the trial court directed a verdict in favor of the School District, (2) that the trial court denied plaintiff's motion for a directed verdict at the close of all of the evidence, (3) in permitting a consulting physician to testify on cross-examination to a statement from the plaintiff's medical history which impeached the latter, and (4) that the trial court erred in refusing to grant a change of venue.

Plaintiff, then aged 15, as a member of the Craftsman Club of defendant, School District, travelled in a school bus with some 25 boys and 2 teachers, to the defendant, Sheridan, for an outing. The latter defendant was a private club and each boy paid one dollar admission charge to swim.

It appears that plaintiff was the last boy to leave the dressing room and as he entered the pool area the other members of the group were swimming or participating in other activities. He testified that he "jumped" into the pool at a place where the depth was indicated to be 5 feet, swam a few strokes but water entered his mouth and he went under. The evidence is that a companion saw plaintiff under water and thought that he was holding his breath for a long time, and immediately thereafter plaintiff was pulled out. The evidence is that he was removed from the pool at a place between two diving boards in a diving well or pool where the water was 12 feet deep.

The amended complaint directed against the School District generally alleges a duty to exercise ordinary care to prevent injury to other persons, that such defendant negligently failed to "provide supervision of minors * * * during an art class activity," and that the School District negligently

arranged such activity and allowed the members to engage in swimming when they should have known that defendant, Sheridan, "was not properly supervised with lifeguards and the like."

The evidence is that upon entering the Club, Ward, one of the teachers, inquired concerning the presence of lifeguards and ascertained that a life guard was on duty. There is also evidence of a second lifeguard being adjacent to the pool at the time in question.

During the pendency of this case there was a conflict amongst the several appellate courts in the statement of the duty of a school district in supervising student activities. It was held that a plaintiff's recovery required allegation and proof of willful and wanton misconduct in *Fustin v. Board of Education* (1968), 101 Ill. App. 2d 113, 242 N.E.2d 308; *Woodman v. Litchfield Community School District No. 12* (1968), 102 Ill. App. 2d 330, 242 N.E.2d 780; *Mancha v. Field Museum of Natural History* (1972), 5 Ill. App. 3d 699, 283 N.E.2d 899; *Merrill v. Catholic Bishop* (1972), 8 Ill. App. 3d 910, 290 N.E.2d 259, and *Kobylanski v. Chicago Board of Education* (1974), 22 Ill. App. 3d 551, 317 N.E.2d 714.

On the contrary, in *Matteucci v. High School District No. 208* (1972), 4 Ill. App. 3d 710, 281 N.E.2d 383, it was held that there was a duty to "exercise due care" in connection with the use of an "admittedly dangerous machine [a power saw]." In *Chilton v. Cook County School District No. 207* (1975), 26 Ill. App. 3d 459, 325 N.E.2d 666, it was held that there was a duty to exercise ordinary care in the supervision of physical education.

■■■ In *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705 (consolidated with *Chilton v. Cook County School District*), the Supreme Court determined that under the provisions of section 24—24 of the School Code (Ill. Rev. Stat. 1969, ch. 122, par. 24—24), a school district and its certificated personnel were immune for liability for acts of negligence and that liability for conduct in the supervision of student activities must be established by the allegation and proof of willful and wanton misconduct upon the part of the school district. Here, there is neither allegation nor proof of willful or wanton misconduct on the part of the defendant, School District, and the directed verdict in favor of the School District is affirmed.

Plaintiff called Dr. Johnson as a witness. Within a short time after plaintiff arrived at the hospital Dr. Johnson was asked to consult and assist Dr. Barber, the physician who received plaintiff at the hospital. Dr. Barber took the plaintiff's "medical history," but did not testify as a witness. The record indicates that Dr. Johnson and counsel each had copies of the hospital records, but it does not clearly reflect how such hospital records were used in introducing the testimony. On cross-examination, Dr. Johnson stated that he used and considered the medical

history incident to or as a part of his treatment as a consultant which extended over a period of 4 days. He was then asked concerning an entry made by Dr. Barber:

> "His pulse was very vigorous and he finally responded enough to admit that he had eaten a large dinner before swimming, that he dove off the board and that he did not know how to swim."

Plaintiff objected to such testimony on the ground that the witness had not "taken" the statement attributed to plaintiff, and that it was immaterial to the treatment as to how defendant had entered the pool. Defendant, Swim Club, argued to the court that physicians may testify from reports, Xrays and histories which they use in treating patients and that Dr. Johnson had, in fact, participated in making the entries in parts of such medical record while serving as a consultant. It is further contended that the doctor's testimony concerning the near drowning opened the door to the full record made in the treatment of the case. It was not sought to introduce the medical history itself into evidence in the context of Supreme Court Rule 236(b).

There is no issue of the authenticity of the medical record, the identity of the person supplying the medical history, *i.e.*, the plaintiff, or the identity of the person recording the history. *Stewart v. DuPlessis* (1963), 42 Ill. App. 2d 192, 191 N.E.2d 622; *Plewe v. Chicago Motor Coach Co.* (1935), 283 Ill. App. 57.

Neither party has cited authority and we have found no Illinois cases which consider limitations upon the scope of cross-examination of an attending physician who testifies as to matters appearing in the medical record.

■■ The majority of the court concluded that the testimony of Dr. Johnson from the medical history concerning plaintiff's statement to Dr. Barber is such prejudicial hearsay that the jury verdict for defendant, Sheridan, must be reversed and the cause remanded for a new trial as to such defendant.

Upon this record the writer would affirm for the reason that following the overruling of his objection, the plaintiff, upon redirect examination, established that Dr. Barber made the entry in the medical record and inquired concerning plaintiff's statement to Barber that he was under water four to five minutes, and concerning the entry by Dr. Barber that plaintiff was agitated, confused and resisted efforts to aid him. Plaintiff also elicited from Dr. Johnson the contents of certain nurses' notes made at the time of admission. The result is that plaintiff used hearsay testimony from the same witness to establish affirmative aspects of his case in chief.

■■ It is the rule that there is no waiver of an objection based upon hearsay by reason of the fact that following the overruling of plaintiff's

hearsay objection such party offers hearsay testimony in rebuttal of the testimony objected to (*Chicago City Ry. Co. v. Uhter* (1904), 212 Ill. 174, 72 N.E. 195; *Kane v. City of Chicago* (1945), 392 Ill. 172, 64 N.E.2d 506), or in cross-examining the witness concerning the hearsay testimony which was admitted into evidence. *Teter v. Spooner* (1917), 279 Ill. 39; *A.H. Sollinger Construction Co. v. Illinois Building Authority* (1972), 5 Ill. App. 3d 554, 283 N.E.2d 508; *Bowman v. Illinois Central R.R. Co.* (1956), 9 Ill. App. 2d 182, 132 N.E.2d 558.

The writer is of the opinion that in this case, as in *Voisard v. County of Lake* (1960), 27 Ill. App. 2d 365, 169 N.E.2d 805, plaintiff has waived his hearsay objection by proceeding on redirect examination to introduce hearsay testimony from the doctor as affirmative evidence in support of his case-in-chief. This view appears to be recognized by *dicta* in *A. H. Sollinger Construction Co. v. Illinois Building Authority* (1972), 5 Ill. App. 3d 554, 283 N.E.2d 508. In that case an engineering report offered by plaintiff was excluded upon the grounds of hearsay but plaintiff was permitted to examine certain witnesses as to the contents of the report. Upon appeal, plaintiff urged that the hearsay objection had been waived. The court said:

> "While there would be substance to plaintiffs' theory of waiver had the defendants tendered the exhibit to their own witnesses on direct examination, (see: *Voisard v. County of Lake*, 27 Ill. App. 2d 365, 378), that is not what occurred here. By cross-examining on the report within the confines of the area the court permitted it to be used, defendants did not waive their objection that it was hearsay. *Cf. Chicago City Ry. Co. v. Uhter*, 212 Ill. 174." (5 Ill. App. 3d 554, 565, 283 N.E.2d 508, 515.)

The writer would affirm the verdict in favor of the defendant, Club.

Plaintiff argues that the trial court erred in denying his motion for a change of venue. The complaint was filed on September 14, 1970, while the motion was filed on December 22, 1972. Plaintiff sought to establish the prejudice of the inhabitants under section 4 of "An Act to revise the law in relation to change of venue" (Ill. Rev. Stat. 1971, ch. 146, par. 4). A document purporting to support the motion dated November 20, 1972, is unverified and does not disclose where the persons who signed such reside. An affidavit of plaintiff's father stated that he "believes" that jurors would be persons paying taxes to the School District and that dues paying-members of the Sheridan Swim Club "may be jurors." One Crawford states his conclusions as to matters overheard. The allegations made are essentially conclusions. Allowance of a change of venue is an exercise of the discretion of the trial court which will not be disturbed unless there is an abuse of discretion (*Chicago Park District v. Lyons* (1968), 39 Ill. 2d 584, 237 N.E.2d 519, *cert. denied*, 393 U.S. 939, 21 L. Ed.

2d 276, 89 S. Ct. 294; *Gouker v. Winnebago County Board of Supervisors* (1967), 37 Ill. 2d 473, 228 N.E.2d 881). Nothing preserved in the record discloses any prejudice to plaintiff in the selection of jurors, and we find no abuse of discretion.

The judgment entered upon the directed verdict for defendant, School District, is affirmed. The judgment entered upon the jury verdict for defendant, Sheridan Swim Club, is reversed and the cause is remanded for a new trial as to such defendant.

Affirmed in part, reversed in part.

CRAVEN and GREEN, JJ., concur.