THERESA ANN EDMONSON, a Minor, by Roy Edmonson, her Father and Next Friend, Plaintiff-Appellant, v. CHICAGO BOARD OF EDUCATION, *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 76-1648

Opinion filed June 28, 1978.

Lupel & Amari, of Chicago (Warren Lupel, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Robert A. Knuti and Hugh C. Griffin, of counsel), for appellee Ida Thompson.

. Frank Glazer, Ltd., of Chicago (Frank Glazer and Harry Ray Chiles, Jr., of counsel), for other appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court of Cook County granting defendants' motion for summary judgment on two counts of plaintiff's three-count complaint. The third count was voluntarily dismissed on plaintiff's motion and is not involved in this appeal. Defendants are the Chicago Board of Education (hereinafter the "Board"), Ida Thompson, a teacher's aide, and Virginia Johnson, a school community representative.

Plaintiff's complaint alleged that both individual defendants were Board employees, but that neither were certificated employees. On March 14, 1972, the individual defendants were supervising the lunch line at a school owned and operated by the Board. Plaintiff was injured when some girls standing in front of her pushed backwards causing her to fall.

The lunch room was L-shaped. At the time of the accident, Ida Thompson was supervising the rear part of the line. From that position, Thompson was unable to observe any activity at the head of the line where plaintiff was standing, and did not see the accident. Johnson was in another room at the time.

The trial court found that there was no genuine issue as to any material fact with respect to any of the defendants. The court's order was predicated upon sections 24—24 and 34—84a of the School Code (Ill. Rev. Stat. 1977, ch. 122, par. 24—24, par. 34—84a), section 3—108 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1977, ch. 85, par. 3—108), and the supreme court's decision in *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705.

Plaintiff first contends that the trial court erred in finding the School Code applicable to the present case. Sections 24—24 and 34—84a are identical in language and purpose. The only difference is that the former applies to school districts having a population less than 500,000 while the latter applies to the larger school districts. Section 34—84a provides in pertinent part:

> "Teachers and other certificated educational employees shall maintain discipline in the schools * * *. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians." (Ill. Rev. Stat. 1977, ch. 122, par. 34—84a.)

In *Kobylanski* the court held that this section conferred *in loco parentis* status upon "teachers and other certificated educational employees" in matters relating to the discipline in and conduct of the schools.

Consequently, in order to recover for injuries sustained during activities connected with the school program, a plaintiff must prove wilful and wanton misconduct on the part of the teachers.

The parties in the present case agree that supervision of a lunch line is an activity connected with the school program and, when performed by a teacher, falls within the immunity provisions of the School Code. The issue presented for our consideration, however, is whether the individual defendants fall within that class of persons entitled to immunity from suit for ordinary negligence. Plaintiff maintains that the statutory language "teachers and other certificated educational employees," is clear and unambiguous and that neither a teacher's aide nor a school community representative fall within the protected class.

The individual defendants acknowledge that they are not "certificated educational employees," but argue they do fall within the definition of "teachers" found in section 34—84 of the School Code. That section, in part, provides:

" 'Teachers and principals' as used in this article means all members of the teaching force except the general superintendent of schools, assistant and district superintendents and members of the board of examiners." Ill. Rev. Stat. 1977, ch. 122, par. 34—85.

The individual defendants maintain that, at the time of plaintiff's injury, they were members of the teaching force because they were performing a "teacher function" in supervising the lunch line. Thus, under their definition of that protected class, a janitor or school nurse performing the same function also would be entitled to immunity from suit for injuries arising out of his or her negligence. We do not agree.

■■ The record is not clear as to the exact nature of Thompson's duties as a teacher's aide. Nevertheless, it is highly unlikely that her duties included regular classroom instruction. The nature of Johnson's position as a school community representative was to act as a liaison between the school and members of the community. This position does not entitle her to claim teacher status. A definition of "teachers" which included the individual defendants in this case would be an unwarranted extension of the immunity conferred by the School Code. The legislature has seen fit to draw a distinction between those who have completed the requirements for certification and those who have not. It is not for this court to enlarge the protected class. (See *Cedar Park Cemetery Association v. Cooper* (1951), 408 Ill. 79, 96 N.E.2d 482.) Since the individual defendants do not fall within the class of persons entitled to immunity under section 34—84a, the School Code is inapplicable in determining whether defendants' motion for summary judgment should have been granted.

■■ The propriety of the trial court's action, therefore, must rest upon its application of section 3—108 of the Local Governmental and

Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1977, ch. 85, par. 3—108). That section provides: "* * * neither a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property." Section 1—206 defines "local public entity" as "a county, township, municipality, municipal corporation, school district, school board * * * and all other local governmental bodies." A "public employee" is defined in section 1—207 as "an employee of a local public entity." Thus, as employees of the defendant Board, the two individual defendants are not liable for plaintiff's injury since it arose out of their alleged failure to supervise an activity on public property. Support for this conclusion is found in *Fustin v. Board of Education of Community Unit District No. 2* (1968), 101 Ill. App. 2d 113, 242 N.E.2d 308, wherein the court stated at page 121:

"[A] public employee of a local public entity is not liable in tort for injuries arising out of the exercise of powers or authority vested in them in good faith if the powers are discretionary as opposed to ministerial in nature, except where such acts are performed wantonly or maliciously by the employee."

(See also *Woodman v. Litchfield Community School District No. 12* (1968), 102 Ill. App. 2d 330, 242 N.E.2d 780.) Since plaintiff did not allege any wilful or wanton misconduct on the part of Ida Thompson or Virginia Johnson, the granting of summary judgment to these defendants, based upon the immunity conferred by section 3—108, was proper.

■■ We reach a different result, however, with respect to the defendant Board. The Board concedes that it is insured. Section 9—103 of the Local Governmental and Governmental Employees Tort Immunity Act provides in part:

"(a) A local public entity may contract for insurance against any loss or liability which may be imposed upon it under this Act.
* * *

(c) Every policy for insurance coverage issued to a local public entity shall provide or be endorsed to provide that the company issuing such policy waives any right to refuse payment or to deny liability thereto within the limits of said policy by reason of the non-liability of the insured public entity for the wrongful or negligent acts of itself or its employees and its immunity from suit by reason of the defenses and immunities provided in this Act."

It has been recognized that section 9—103 constitutes a waiver of defenses which otherwise would be available to a local public entity. (See *Fustin v. Board of Education of Community Unit District No. 2.*) Thus, by virtue of this section, the insured Board may not rely upon the immunity conferred by section 3—108 to support the trial court's award of summary judgment. Since the School Code is inapplicable to the

present case and the protection of the Tort Immunity Act has been waived, the summary judgment in favor of the Board is reversed.

For the reasons stated, the judgment of the circuit court of Cook County awarding summary judgment to defendants Ida Thompson and Virginia Johnson is affirmed. The judgment awarding summary judgment to the defendant Chicago Board of Education is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Affirmed in part; reversed and remanded in part.

SIMON and McGILLICUDDY, JJ., concur.