CAMERON WILLIAMS, Plaintiff-Appellant, v. BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellee.

First District (1st Division)   No. 1—90—0206

Opinion filed November 25, 1991.

Demos & Burke, of Chicago (William J. Burke and Lawrence P. Devens, of counsel), for appellant.

Kralovec, Marquard, Doyle & Gibbons, Chartered, of Chicago (Nancy Jo Arnold, Philip J. Domagalski, and David T. Nani, of counsel), for appellee.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Cameron Williams, brought a personal injury suit against the defendant Board of Education of the City of Chicago (the Board) and appeals from orders of the circuit court of Cook County dismissing count III of his first amended complaint on the ground that it was barred by the statute of limitations. For the reasons which follow, we reverse the judgment of the circuit court and remand for further proceedings.

In his initial complaint, plaintiff alleged that the Board owned, operated, maintained and controlled Harper High School in Chicago, Illinois. The school offered athletic programs to its students, including a varsity football team. On August 27, 1981, plaintiff, a member of the

varsity football team, was severely injured during a scrimmage with Chicago Vocational High School.

On August 13, 1982, plaintiff served the Board with a written notice of his injury, which was in accordance at the time with section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1981, ch. 85, par. 8—102) (Tort Immunity Act). In August 1982, plaintiff also filed suit against the Board and others. Count I of the complaint alleged that the Board and the City of Chicago negligently provided plaintiff with, and permitted plaintiff to wear, defective or inadequate football equipment. Count II of the complaint was brought against various football equipment manufacturers, sounding in strict products liability. Plaintiff attached a copy of the aforementioned notice of injury to the complaint. Paragraph six of this notice states:

> "The general nature of the accident is: While claimant was participating as a member of the Harper High School football team in a regularly scheduled scrimmage supervised by personnel of the Board of Education of the City of Chicago and using equipment issued to him by said personnel, he was tackled and, as a result thereof, became a quadriplegic."

Plaintiff amended this complaint on December 30, 1983, changing the manufacturer defendants and adding allegations concerning the face mask of plaintiff's helmet. In October 1985, all defendants moved for summary judgment. Plaintiff voluntarily dismissed this complaint in December 1985 and refiled in October 1986 pursuant to section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—217).

The refiled suit again took the form of a two-count complaint. Count I alleged that the Board negligently provided plaintiff with defective, improperly sized or worn equipment. Count II again sounded in strict liability against the manufacturers.

The defendants again moved for summary judgment. On June 16, 1987, the trial court granted summary judgment in favor of the shoulder-pad manufacturer, but denied the motions of the other defendants. These remaining defendants later refiled their summary judgment motions with accompanying affidavits.

On March 10, 1989, plaintiff filed an amended complaint. The amended complaint contained the original two counts and added count III, which alleged that the Board had engaged in willful and wanton misconduct. Plaintiff alleged that the Board knew that football was a dangerous sport and that high school players would require special instruction and weight training to reduce the risk of spinal cord in-

juries. Plaintiff also alleged that the Board knew that high school scrimmages were potentially dangerous, requiring close supervision to avoid rules infractions, such as "spearing," which could result in spinal cord injuries. Plaintiff then alleged that the Board nevertheless failed to provide plaintiff with the required training or instruction and failed to adequately supervise and officiate the scrimmage of August 27, 1981.

The Board moved to dismiss count III of the amended complaint pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, pars. 2—615, 2—619). The motion asserted that count III was barred by the statute of limitations and that the Board was immune from any liability arising from the alleged failure to supervise plaintiff. Following a hearing on the motion, the trial court granted summary judgment to the manufacturer defendants on counts I and II and dismissed count III as time barred. Plaintiff's timely appeal of the dismissal of count III followed the denial of his motion to reconsider; plaintiff is not contesting the summary judgment entered on the first two counts.

■■ Although the Board's motion was purportedly filed pursuant to sections 2—615 and 2—619, the statute of limitations and statutory immunity are affirmative matters to be considered pursuant to section 2—619 alone. (Ill. Rev. Stat. 1989, ch. 110, pars. 2—619(a)(5), (a)(9); see also *Urbaitis v. Commonwealth Edison* (1991), 143 Ill. 2d 458, 475, 575 N.E.2d 548, 555 (comparing sections 2—615 and 2—619).) Section 2—619 provides a mechanism for disposing of issues of law or easily proved issues of fact. (*Chicago Steel Rule Die & Fabricators Co. v. Malan Construction Co.* (1990), 200 Ill. App. 3d 701, 558 N.E.2d 341.) A trial court should grant a motion to dismiss if, after construing the documents in the light most favorable to the nonmoving party, the court finds no disputed issue of fact. (*Samansky v. Rush-Presbyterian-Saint Luke's Medical Center* (1990), 208 Ill. App. 3d 377, 567 N.E.2d 386.) The court assumes that the well-pleaded facts of plaintiff's complaint are true, but conclusions of law or fact unsupported by specific factual allegations may be disregarded. (*Foreman v. Consolidated Rail Corp.* (1991), 214 Ill. App. 3d 700, 574 N.E.2d 178.) We may affirm a dismissal granted pursuant to section 2—619 on any grounds supported by the record, regardless of the trial court's reasons. See *Beckman v. Freeman United Coal Mining Co.* (1988), 123 Ill. 2d 281, 286, 527 N.E.2d 303, 305.

■ Plaintiff contends that his amended complaint, filed after the expiration of the relevant statute of limitations, was not time barred because it "relates back" to the original complaint. Section 2—616(b)

of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—616(b)) provides that a cause of action alleged in an amended complaint filed after the expiration of the statutory limitations period will relate back to the filing of the original complaint if two requirements are satisfied: (1) the original pleading was timely filed and (2) the original and amended pleadings indicate that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. (*Wolf v. Meister-Neiberg, Inc.* (1991), 143 Ill. 2d 44, 46, 570 N.E.2d 327, 329.) In this case, defendant argues that plaintiff has not satisfied the second requirement.

● 4 In order for a cause of action to relate back under section 2—616(b), the original pleading need not have technically stated a cause of action, nor need the cause of action set out in the amended pleading be substantially the same as that stated in the original pleading. (*Cannon v. Bryant* (1990), 196 Ill. App. 3d 891, 554 N.E.2d 489; *Krieger v. Village of Carpentersville* (1972), 8 Ill. App. 3d 243, 289 N.E.2d 481.) Rather, an amended pleading grows out of the original pleading if the latter provided defendant with all of the necessary information to prepare his defense to the subsequently asserted claim. (*Weidner v. Carle Foundation Hospital* (1987), 159 Ill. App. 3d 710, 512 N.E.2d 824.) If defendant shows that the amendment hindered defendant's ability to present a case on the merits, the court will find prejudice and the amendment will not relate back. However, if the original complaint directed defendant's attention to the facts on which the amended claim is predicated, the court will not find prejudice and the amendment will relate back. (*United Parcel Service v. Church's Fried Chicken, Inc.* (1988), 174 Ill. App. 3d 378, 528 N.E.2d 367.) In some cases, even an amendment which differs materially from the original complaint may relate back, so long as the defendant was put on clear notice of the facts included in the amendment prior to the expiration of the limitations period. *Cf. Wolf,* 143 Ill. 2d at 48, 570 N.E.2d at 329 (amended slip-and-fall complaint with materially different location relates back where defendants knew of correct location of accident from depositions and other discovery prior to expiration of statutory period).

■ In this case, the record indicates that the trial court found count III of plaintiff's amended complaint to be time barred because the court "could not see any way that the city would have been apprised from *** the facts alleged in the first pleading that [plaintiff] would later come in on the theory of weight training and other things." The record also indicates that plaintiff attached the notice of

injury served on the Board (and the city) as an exhibit to his initial complaint. Such exhibits are deemed to be part of the pleadings, and facts stated therein are considered as if they were alleged in the complaint itself. (*Patterson v. Carbondale Community High School District No. 165* (1986), 144 Ill. App. 3d 254, 259, 494 N.E.2d 240, 244.) Thus, the record shows that the initial complaint alleged that plaintiff was injured during a football scrimmage supervised by the Board.

Given the allegation of supervision, the Board was placed on notice of facts which form the basis of count III of the amended complaint. Indeed, although we need not go beyond the pleadings to reach this conclusion, the record indicates, similar to *Wolf*, that defendant in fact investigated the inadequate supervision claim years prior to plaintiff's amendment.

Moreover, we believe the claims of inadequate weight training and instruction as to the dangers of spearing also relate back to the date of the original complaint. The notice of injury incorporated into plaintiff's complaint states that plaintiff was a member of his high school football team and was injured during a "regularly scheduled" scrimmage. The duty to supervise a scrimmage extends beyond mere observation of the play on the field and adequate officiation of the game to include supervision of the participants. In *Fustin v. Board of Education of Community Unit District No. 2* (1968), 101 Ill. App. 2d 113, 242 N.E.2d 308, the plaintiff alleged that the defendant failed to supervise a player who assaulted plaintiff during a high school basketball game. The *Fustin* court stated:

> "This Court is aware of the general nature of high school basketball, as played between the various districts, a competitive and highly organized activity. Boards of Education have expert, well trained physical education instructors who have coaching experience and ability with reference to the *training of students* in these competitive endeavors. These employees associated with the basketball activity of the defendant, are required to decide the propriety of doing various acts *such as selecting the participants* and the manner in which the contests are conducted ***." (Emphases added.) (*Fustin*, 101 Ill. App. 2d at 119, 242 N.E.2d at 311.)

This court has no reason to believe that high school football differs in these respects from high school basketball. The duty of adequate supervision of a scrimmage therefore includes the duty to exercise reasonable care in the selection of those who will participate in the scrimmage. That duty may be breached if those who supervise the scrimmage, such as the coaches, field players who lack adequate phys-

ical training or adequate instruction in the rules of safe play. Thus, plaintiff's notice concerning the supervision of the scrimmage may place the Board on notice of claims relating to training and instruction given to players and officials prior to the actual date of injury. Indeed, the record indicates that on February 4, 1982, a date which falls between the date of the injury and the date the Board received the written notice of injury from plaintiff, the coach in this case was interviewed concerning the training program and instructions given to the officials and players, indicating that the Board in fact anticipated these claims even before plaintiff filed suit.

Given that section 2—616(b) is to be liberally construed in favor of hearing plaintiff's claim (*Whitney v. City of Chicago* (1987), 155 Ill. App. 3d 714, 718, 508 N.E.2d 293, 296), that the cases cited by both parties are distinguishable on their facts and that the Board has failed to show from the record that it would be hindered in its ability to defend against these claims at this time, we conclude that count III should not have been dismissed due to the statute of limitations.

■ Finally, the Board urges this court to affirm the dismissal of count III on other grounds, chiefly issues related to governmental tort immunity, which were raised in its motion to dismiss. An order granting a motion to dismiss without specifying the ground on which it is based places before the appellate court every issue raised in the motion; if any ground raised by the motion was proper, the appellate court must affirm. (See *Bashton v. Ritko* (1987), 164 Ill. App. 3d 37, 517 N.E.2d 707.) Nevertheless, where the record on appeal indicates that an issue urged on appeal was not decided by the trial court, the issue is not properly preserved and is deemed to be waived on appeal. See *Sherman v. Board of Fire & Police Commissioners* (1982), 111 Ill. App. 3d 1001, 445 N.E.2d 1.

■ In this case, a number of issues were presented in the motion to dismiss and plaintiff's response thereto. The record, however, indicates that the trial court ruled solely on the statute of limitations issue and did not decide or even discuss these other issues. The report of proceedings at the hearing on the motion includes the following dialog:

> "MR. NANI [counsel for the Board]: In the Order shall we specifically say that your decision is based on the statute of Limitations argument?
> THE COURT: Right, right, right.
> MR. NANI: Okay.
> THE COURT: So that it is specific on that one, that one issue so that it is clear what you had to address."

Moreover, the order granting the motion specifically refers to the statute of limitations and does not refer whatsoever to other grounds of decision. Given this record, which indicates that it was the Board that asked for an order based solely on the statute of limitations, the other issues raised by the Board are waived on appeal.

For all of the aforementioned reasons, we reverse the judgment of the circuit court of Cook County and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BUCKLEY and O'CONNOR, JJ., concur.